JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Edward M. Joyce
Emily L. Kuznick
*Attorneys for LB Rose Ranch LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No.: 08-13555 (SCC)
:
Debtors. : (Jointly Administered)
:
----------------------------------------------------------------x
:
ALLIED WORLD ASSURANCE COMPANY :
(U.S.) INC. : Adv. Pro. No.: 15-01128 (SCC)
:
Plaintiff, :
:
v. :
:
LB ROSE RANCH LLC; VAUGHAN COUNTS; :
THISHA MCBRIDE; CHARLIE LAWSON; : **ANSWER AND**
SARAHLIZ LAWSON; STEPHANIE MOSHER; : **COUNTERCLAIMS**
STEVE MEW; KORI NEW; CRAIG WILLIS; :
PAMELA WILLIS; THE KOREICH 1981 TRUST; :
JAMES VIDAKOVICH REVOCABLE TRUST; :
GARY GRAY; MICHAEL CRYAN; BRIAN :
ALONGE; ANDRE PONTIN; JULIE PONTIN; :
PATRICK M. NESBITT; DAVID ICE; LISA ICE; :
RICHARD MOORE; DANIEL HOCK; TONI :
HOCK; J. CHRISTINE AMINI; NEIL ROSS; THE :
SOHRAB AMINI TRUST; JOSEPH S. DAVIS; :
KIRSTIN F. DAVIS; TINA ROCHOWIAK; :
CHADWICK MICKSCH; SARAH MICKSCHL; :
AMERICAN HOME ASSURANCE COMPANY; :
and NATIONAL UNION FIRE INSURANCE :
COMPANY OF PITTSBURGH, PA :
                  Defendants. :
----------------------------------------------------------------x

LB Rose Ranch LLC ("LBRR"), by its attorneys Jones Day, responds to the First Amended Complaint For Declaratory Relief filed by Plaintiff Allied World Assurance Company (U.S.) Inc. ("AWAC") as follows:

## RESPONSE TO ALLEGATIONS

Each paragraph numbered 1 through 51 in this Answer responds to the identically numbered paragraph in the Complaint. All allegations, declarations, claims, or assertions in the Complaint, including those incorporated by reference, that are not specifically admitted herein are denied.

## NATURE OF THE ACTION

1. LBRR admits only that AWAC is an insurer of Lehman Brothers Holdings Inc. ("LBHI") and LBRR and that, upon information and belief, the Complaint purports to be for declaratory judgments regarding insurance coverage. LBRR denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 1.

## PARTIES

2. Paragraph 2 contains no allegations about LBRR and, therefore, no response is required. To the extent a response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. LBRR denies that LBHI is a defendant in this action, but admits the allegations in paragraph 3 of the Complaint regarding its state of incorporation and principal place of business.

4. LBRR denies that LBRR is a corporation. LBRR admits that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York.

5. LBRR asserts that the statements describing the Colorado Plaintiffs in paragraph 5 contain no allegations about LBRR and, therefore, no response is required. To the extent a

2

response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations about the Colorado Plaintiffs. With regard to the judgments allegedly being sought or obtained against LBRR by the Colorado Plaintiffs, LBRR asserts that any complaints filed in the Colorado Litigation are written documents, which speak for themselves. LBRR refers the court to the complaints themselves for the Colorado Plaintiffs' claims. Additionally, LBRR denies that final judgments have been entered in the Colorado Litigation. LBRR admits the remaining allegations about the stipulation entered on December 12, 2014 [Doc. # 47375].

6. Paragraph 6 contains no allegations about LBRR and, therefore, no response is required. To the extent a response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Paragraph 7 contains no allegations about LBRR and, therefore, no response is required. To the extent a response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

## **JURISDICTION**

8. LBRR admits the allegations in paragraph 8 of the Complaint.

9. Paragraph 9 states a legal conclusion to which no response is required.

10. Paragraph 10 states a legal conclusion to which no response is required.

11. Paragraph 11 states a legal conclusion to which no response is required.

12. Paragraph 12 contains no allegations about LBRR and, therefore, no response is required. To the extent a response is required, LBRR admits that, upon information and belief, AWAC consents to entry of final orders and judgments by the bankruptcy court in this adversary proceeding.

13. Paragraph 13 contains no allegations about LBRR and, therefore, no response is required. To the extent a response is required, LBRR admits that, upon information and belief, AWAC waives its right to a jury trial with respect to this adversary proceeding.

## BACKGROUND

14. Paragraph 14 contains no allegations about LBRR and, therefore, no response is required. To the extent a response is required, LBRR states that the Complaint in *Jamin Cook, et al v. Ironbridge Homes, LLC, et al*. is a written document, the contents of which speak for itself. Therefore, any attempts by Plaintiff to characterize the allegations in the complaint are expressly denied. LBRR refers the court to the complaint itself for its claims and allegations.

15. The stipulation entered on November 18, 2011 [Doc. # 22336] is a written document, the terms and conditions of which speak for itself. Therefore, any attempts by Plaintiff to characterize the terms of the stipulation are expressly denied. LBRR refers the court to the stipulation itself for its terms and conditions.

16. The Third Amended Complaint and Jury Request in *Jamin Cook, et al v. Ironbridge Homes, LLC, et al*. is a written document, the contents of which speak for itself. Therefore, any attempts by Plaintiff to characterize the allegations in the complaint are expressly denied. LBRR refers the court to the Third Amended Complaint itself for its claims and allegations.

17. The Plaintiffs' Motion for Leave to File Sixth Amended Complaint in *Jamin Cook, et al v. Ironbridge Homes, LLC, et al*. is a written document, the contents of which speak for itself. Therefore, any attempts by Plaintiff to characterize the allegations in the complaint are expressly denied. LBRR refers the court to the Motion for Leave to File Sixth Amended Complaint itself for its claims and allegations.

4

18. The stipulation entered on December 12, 2014 [Doc. # 47375] is a written document, the terms and conditions of which speak for itself. Therefore, any attempts by Plaintiff to characterize the terms of the stipulation are expressly denied. LBRR refers the court to the stipulation itself for its terms and conditions. LBRR admits that an order was entered on December 15, 2014, granting the Motion for Leave to File Sixth Amended Complaint.

19. The Sixth Amended Complaint and Jury Demand (the "Sixth Amended Complaint") and the June 26, 2015 Order Re: Motion for Summary Judgment Re: Plaintiffs' Colorado Consumer Protection Act Claim (the "Summary Judgment Order") in *Jamin Cook, et al v. Ironbridge Homes, LLC, et al*. are written documents, the contents of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the allegations in the complaint and/or what was dismissed are expressly denied. LBRR refers the court to the Sixth Amended Complaint and the Summary Judgment Order themselves for their claims and allegations.

20. The jury verdicts rendered in *Jamin Cook, et al v. Ironbridge Homes, LLC, et al*. are contained in a written document, the contents of which speak for itself. Therefore, any attempts by Plaintiff to characterize the jury verdicts are expressly denied. LBRR refers the court to the jury verdicts themselves for their findings.

21. The jury verdicts rendered in *Jamin Cook, et al v. Ironbridge Homes, LLC, et al*. are contained in a written document, the contents of which speak for itself. Therefore, any attempts by Plaintiff to characterize the jury verdicts are expressly denied. LBRR refers the court to the jury verdicts themselves for their findings. LBRR admits, however, that the jury rendered verdict(s) totaling $6,644,119.33.

22. LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Additionally, LBRR refers the Court to the Colorado

5

Plaintiffs' Sixth Amended Complaint itself for its claims, as well as to the jury verdicts for their findings.

## THE POLICIES

23. The American Home Assurance Company ("American Home") general liability insurance policies referred to in paragraph 23 are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the American Home policies themselves for their terms and conditions. LBRR admits, however, that LBRR is an insured under the American Home policies.

24. The National Union Fire Insurance Company of Pittsburgh, PA ("National Union") commercial general liability insurance policies referred to in paragraph 24 are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the National Union policies themselves for their terms and conditions. LBRR admits, however, that LBRR is an insured under the National Union policies.

25. The National Union umbrella liability insurance policies referred to in paragraph 25 are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the National Union policies themselves for their terms and conditions. LBRR admits, however, that LBRR is an insured under the National Union policies.

26. The AWAC Umbrella Liability Insurance Policy for the policy period August 1, 2009 to August 1, 2010 (the "2009-2010 AWAC Umbrella Policy") referred to in paragraph 26 is a written document, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers

6

the court to the 2009-2010 AWAC Umbrella Policy for its terms and conditions. LBRR admits, however, that LBRR is an insured under the 2009-2010 AWAC Umbrella Policy.

27. The AWAC Umbrella Liability Insurance Policy for the policy period August 1, 2010 to August 1, 2011 (the "2010-2011 AWAC Umbrella Policy") referred to in paragraph 27 is a written document, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the 2010-2011 AWAC Umbrella Policy for its terms and conditions. LBRR admits, however, that LBRR is an insured under the 2010-2011 AWAC Umbrella Policy.

28. The 2009-2010 AWAC Umbrella Policy and 2010-2011 AWAC Umbrella Policy (collectively, the "AWAC Umbrella Policies") referred to in paragraph 28 are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the AWAC Umbrella Policies are expressly denied. LBRR refers the court to the AWAC Umbrella Policies for their terms and conditions.

29. The AWAC Umbrella Policies are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the AWAC Umbrella Policies for their terms and conditions.

30. The AWAC Umbrella Policies are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the AWAC Umbrella Policies for their terms and conditions.

31. The 2009-2010 AWAC Umbrella Policy is a written document, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize

the terms of the policy are expressly denied. LBRR refers the court to the 2009-2010 AWAC Umbrella Policy for its terms and conditions.

32. The 2010-2011 AWAC Umbrella Policy is a written document, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the 2010-2011 AWAC Umbrella Policy for its terms and conditions.

33. The National Union general liability policy, policy number 457-30-23, for the August 1, 2010 to August 1, 2011 policy period (the "2010-2011 National Union General Liability Policy") and the 2010-2011 AWAC Umbrella Policy are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policies are expressly denied. LBRR refers the court to the 2010-2011 National Union General Liability Policy and the 2010-2011 AWAC Umbrella Policy for their terms and conditions.

34. The AWAC Umbrella Policies are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the AWAC Umbrella Policies for their terms and conditions.

35. The AWAC Umbrella Policies are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policy are expressly denied. LBRR refers the court to the AWAC Umbrella Policies for their terms and conditions.

**FIRST CAUSE OF ACTION – DECLARATORY RELIEF: GOVERNING LAW**

36. In response to paragraph 36, LBRR repeats and incorporates by references its responses to paragraphs 1 through 35 of the Complaint as if set forth fully herein.

8

37. Paragraph 37 states a legal conclusion to which no response is required, and LBRR denies knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 37.

38. LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. LBRR states that the American Home and National Union policies are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policies are expressly denied. LBRR refers the court to the American Home and National Union policies referred to in paragraph 40 for their terms and conditions. Moreover, paragraph 40 states a legal conclusion to which no response is required.

41. Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

**SECOND CAUSE OF ACTION – DECLARATORY RELIEF: INTERPRETATION OF KEY PROVISIONS AND EXCLUSIONS**

43. In response to paragraph 43, LBRR repeats and incorporates by references its responses to paragraphs 1 through 42 of the Complaint as if set forth fully herein.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, LBRR denies that AWAC is entitled to the relief sought in Paragraph 44.

45. Paragraph 45 states a legal conclusion to which no response is required.

46. Paragraph 46 states a legal conclusion to which no response is required.

### THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT: ANTI-LIMITS STACKING ENDORSEMENT

47. In response to paragraph 47, LBRR repeats and incorporates by references its responses to paragraphs 1 through 46 of the Complaint as if set forth fully herein.

48. LBRR denies knowledge or information sufficient to form a belief as to the truth the allegations in paragraph 48. Moreover, American Home's and National Union's correspondence are written documents which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policies are expressly denied. LBRR refers the court to the American Home and National Union policies referred to in paragraph 48 for their terms and conditions.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, LBRR states that the National Union policies are written documents, the terms and conditions of which speak for themselves. Therefore, any attempts by Plaintiff to characterize the terms of the policies are expressly denied. LBRR refers the court to the National Union policies referred to in paragraph 49 for their terms and conditions.

50. Paragraph 50 states a legal conclusion to which no response is required. Additionally, paragraph 50 contains no allegations about LBRR and, therefore, no answer is required. To the extent a response is required, LBRR denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

10

51. Paragraph 51 states a legal conclusion to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

52. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

53. The Complaint is barred, in whole or in part, by the equitable doctrines of waiver and estoppel, and by other equitable doctrines.

## THIRD AFFIRMATIVE DEFENSE

54. The Complaint is barred by the equitable doctrine of acquiescence to the extent that AWAC consent, approved, and/or ratified some or all of the actions alleged in the Complaint.

55. LBRR reserves the right to amend, or to seek leave to amend, this Answer to assert any other defense that may appear or become available as its investigation and discovery of the case proceeds or as justice so requires.

## COUNTERCLAIMS

Defendant LB Rose Ranch LLC, by and through its attorneys, Jones Day, for its Counterclaims, alleges the following:

## NATURE OF THE ACTION

1. These counterclaims for damages and declaratory relief arise out of the failure and refusal of AWAC to honor its obligations under umbrella liability insurance policies sold to LBHI, the parent company of LBRR.  Despite its statements to the contrary, AWAC is liable to LBRR for any losses sustained by LBRR as a result of the 2015 jury verdict rendered in *Jamin Cook, et. al v. Ironbridge Homes, LLC, et. al* (Case No. 2010CV142) in the District Court for Garfield County, Colorado (the "Colorado Litigation").  LBRR reserves the right to amend its

counterclaims if Rule 2004 Discovery or ordinary discovery under Part 7 of the Federal Rules of Bankruptcy Procedure reveals facts and circumstances that so warrant.

## JURISDICTION AND VENUE

2.      On September 15, 2008 and February 9, 2009, LBHI and LBRR, respectively, commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  LBRR's chapter 11 case has been consolidated with LBHI's chapter 11 case for procedural purposes only, and those cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      This adversary proceeding is commenced pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      The Court has subject-matter jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.  In addition, the parties have submitted to the exclusive jurisdiction of the courts of the State of New York and the United States District Court for the Southern District of New York under the applicable agreements.

5.      The Court has personal jurisdiction over the Defendants.

6.      This adversary proceeding constitutes a non-core proceeding under 28 U.S.C. § 157(b).  The Court has retained post-confirmation jurisdiction over this matter pursuant to section 14.1 of the Plan and paragraph 77 of the Order dated December 6, 2011 confirming the Plan.

7.      Venue is proper in this Court under 28 U.S.C. § 1409(a) because the Chapter 11 cases are pending in this district.

8.      Pursuant to Bankruptcy Rule 7008, this adversary proceeding relates to the Chapter 11 case *In re Lehman Brothers Holdings Inc.*, pending in this Court as Case No. 08-13555 (SCC).

9. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Procedure, Plaintiff consents to the entry of final judgment by this Court if it is determined that, absent consent of the parties, this Court cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## PARTIES

10. Counterclaim Plaintiff LBRR is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

11. Counterclaim Defendant AWAC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

## STATEMENT OF FACTS

### The Colorado Litigation

12. Commencing in 2010, the plaintiffs in the Colorado Litigation alleged claims arising out of alleged property damage to the plaintiffs' residences.

13. On March 18, 2011, plaintiffs in the Colorado Litigation filed in this Court a motion for relief from the automatic stay. Relief from the automatic stay was granted by stipulation on November 18, 2011, "solely to the extent necessary to permit the Colorado Plaintiffs: (i) to assert any and all claims relating to the design, construction or maintenance of the golf course (and any related claims for damages) located at the Ironbridge Development in Garfield County, Colorado in the Colorado Litigation and prosecute such claims . . . in order to recover their damages from the Insurance Policies and Proceeds, (ii) to settle the Colorado Litigation with LBHI['s] and/or [LBRR]'s insurers, if appropriate, and (iii) to execute or collect upon any judgment rendered in their favor in the Colorado Litigation against the Insurance Policies and Proceeds without the need to seek further Court approval[.]" [Docket No. 22336, ¶

13

2.]. Pursuant to the stipulation, the Colorado Litigation plaintiffs agreed that in the event of a judgment against LBHI or LBRR, "execution or recovery thereon shall be limited to only the Insurance Policies and Proceeds." [Docket No. 22336, ¶ 4.].

14. Plaintiffs in the Colorado Litigation were again granted relief from the automatic stay by stipulation on December 14, 2014, so that they could "(i) assert any and all Additional Claims set forth in the Motion to Amend the Complaint and prosecute such claims against [LBRR], and/or its relevant insurers in order to recover their damages from [LBRR]'s Insurance Policies and Proceeds, and those LBHI Insurance Policies and Proceeds under which [LBRR] is a covered subsidiary, (ii) settle the Colorado Litigation with [LBRR]'s insurers, if appropriate, and (iii) execute or collect upon any judgment rendered in their favor in the Colorado Litigation against the Insurance Policies and Proceeds without the need to seek further Court approval[.]" [Docket No. 47375, ¶ 2.]

15. In July 2015, a jury verdict was rendered in favor of the Colorado Litigation plaintiffs and against LBRR and other defendants for a total of $6,644,119.33, for which LBRR was deemed jointly and severally liable.

**The AWAC Umbrella Policies**

16. LBHI purchased an umbrella liability insurance policy from AWAC, policy number C012682/001, for the August 1, 2009 to August 1, 2010 policy period (the "2009-2010 Policy").

17. LBHI renewed its umbrella liability insurance policy from AWAC for the August 1, 2010 to August 1, 2011 policy period, policy number 0305-8109 (the "2010-2011 Policy," and collectively with the 2009-2010 Policy, the "AWAC Policies").

18. LBRR and its affiliates are Named Insureds under the AWAC Policies.

14

19. The AWAC Policies provide, in relevant part, insurance for "those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages by reason of liability imposed by law because of **Bodily Injury** [or] **Property Damage**…."

20. The AWAC Policies apply if "the **Bodily Injury** or **Property Damage** is caused by an **Occurrence** that takes place anywhere, and the **Bodily Injury** or **Property Damage** occurs during the **Policy Period**[.]"

21. The AWAC Policies define **Bodily Injury** as "bodily injury, sickness or disease sustained by any person, including death, mental anguish, mental injury, shock or humiliation resulting from any of these at any time."

22. The AWAC Policies define **Property Damage**, in relevant part, as "(1) physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or (2) loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the **Occurrence** that caused it."

23. The AWAC Policies define **Occurrence**, in relevant part, as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one **Occurrence**."

24. The AWAC Policies define **Loss** as "those sums actually paid as judgments or settlements, provided, however, that if expenses incurred to defend a **Suit** or to investigate a claim reduce the applicable limits of **Scheduled Underlying Insurance**, then **Loss** shall include such expenses."

15

25.    Accordingly, the AWAC Policies afford insurance for the liability sustained by LBRR as a result of the Colorado Litigation damages verdict.

26.    To date, and through its Complaint, AWAC has declared that it is not obligated to pay for the liability resulting from the Colorado Litigation, despite its obligation to pay for such liability under the AWAC Policies.

27.    The Named Insureds have complied with all applicable obligations and conditions under the AWAC Policies.

28.    The Named Insureds have paid the applicable premiums owed under the AWAC Policies.

29.    LBRR provided AWAC with timely notice of the Colorado Litigation claims.

30.    By letter sent via email on March 6, 2015, AWAC purported to reserve its rights with respect to the Colorado Litigation claims submitted by LBRR.

31.    AWAC's belated attempt to reserve its rights is barred, in whole or in part, by the equitable doctrines of waiver and estoppel, and by other equitable doctrines.

32.    Accordingly, LBRR's liability for the Colorado Litigation is covered under the AWAC Policies to the extent the AWAC Policies are triggered.

## COUNT I
### (DECLARATORY JUDGMENT)

33.    LBRR repeats and realleges the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

34.    This is a claim for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a justiciable controversy between LBRR and AWAC.

35. Because the parties have an actual and active controversy regarding their respective rights and obligations, a declaratory judgment of the parties' respective rights and obligations is necessary.

36. LBRR seeks a judgment declaring that, pursuant to the AWAC Policies, AWAC is obligated to provide insurance coverage for LBRR's liabilities stemming from the Colorado Litigation.

**COUNT II**
**(BREACH OF CONTRACT)**

37. LBRR repeats and realleges the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

38. The AWAC Policies constitute valid contracts of insurance between LBRR and AWAC, and their terms and conditions obligate AWAC to provide insurance to LBRR.

39. LBRR has satisfied all obligations and complied with all conditions applicable under the AWAC Policies.

40. AWAC has breached its obligations under the AWAC Policies by refusing to pay LBRR's claims under the AWAC Policies.

41. Pursuant to the AWAC Policies, AWAC is obligated to pay LBRR's liabilities as a result of the Colorado Litigation jury verdict to the extent the AWAC Policies are triggered.

**PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaim Plaintiff LBRR demands judgment as follows:

(i) against AWAC on Count I for a judgment declaring that AWAC, pursuant to the terms of the AWAC Policies, is obligated to provide insurance coverage for LBRR's liabilities resulting from the Colorado Litigation;

  (ii) against AWAC on Count II for money damages in an amount sufficient to satisfy the liabilities resulting from the Colorado Litigation pursuant to the terms of the AWAC Policies; and

  (iii) for all costs and disbursements incurred in enforcing LBRR's rights, attorneys' fees, pre- and post-judgment interest and any other relief deemed just and appropriate by this Court.

Dated: November 13, 2015
    New York, New York

                */s/ Edward M. Joyce*
                Edward M. Joyce
                Emily L. Kuznick
                JONES DAY
                222 East 41st Street
                New York, New York 10017
                Telephone:  (212) 326-3939
                Facsimile:  (212) 755-7306

                *Attorneys for the Defendant and Counterclaim Plaintiff LB Rose Ranch LLC*